## THOMAS J. DYER *v.* MRS. ELIZABETH RATLIFF.

1. The husband, appointed agent of his wife from whom he is legally separate in property, is a competent witness in her behalf in regard to all matters connected with his gestion.

2. The prohibitory clause in Article 2281 (2260) of the Civil Code does not apply to husbands when testifying in their capacity of agents for their wives.

3. The legal relationship of the husband towards his wife may be dual; the one marital, and the other fiducial.

4. By virtue of the law of agency the husband derives his authority to testify for or against his wife, limited however to matters arising from and embraced and limited strictly within the sphere of his agency.

5. In order to fully harmonize laws apparently conflicting, Article 2281 (2260) of the Civil Code must be accepted in a purely restrictive sense, and interpreted so as to apply to husbands in their strictly marital relationship towards their wives.

*Appeal from the Twentieth Judicial District Court of the Parish of Assumption. Knobloch, J.*

*Walter Guion,* for plaintiff and appellee.

*Pugh & Howell* and *Taylor Beattie* for defendant and appellant.

BLAKE, J.—Plaintiff sues to recover his entire year's wages as overseer, for alleged violation of contract on the part of defendant, in discharging him without good and sufficient cause.

Defendant pleads that there exists a reconduction of contract.

dating back three years, under which the right to discharge, without excuse, is specially reserved.

Defendant's husband, who is likewise her agent, (she being legally separated in property from him) was permitted to testify without objection.

It was urged that the husband's testimony, being in direct violation of a prohibitory law, was of no weight, and should be entirely disregarded by the court in summing up the evidence.

The court so held, and decided this case with the testimony of the husband and agent entirely eliminated.

Judgment having been rendered in favor of plaintiff, defendant has appealed.

We are urged by the plaintiff to disregard entirely the testimony of W. B. Ratliff, the husband and agent of defendant, for the reason that, as husband, his testimony is absolutely null, the same being in violation of a prohibitory law, and it should for that reason be entirely eliminated from the record.

Article 2281 (2260) of the Civil Code declares " that the husband cannot be a witness for or against his wife, nor the wife for or against her husband," and we have been referred to 32 La. An. 645; 11 La. An. 626; 23 La. An. 747; 24 La. An. 401; 30 La. An. 1293, as adjudications declaring this law prohibitory, and as having been prompted by motives of public policy and morals, and we have been told that the law makes no distinction or exception in favor of the husband who testifies to facts which arose out of his agency for his wife; but, at the same time, that this rule does not include the declarations of the husband, when acting as agent of his wife, which, when testified to by another witness than the husband, are admissible against the wife, citing Wharton Ev. 1214; Barataria Company vs. Field, 17 La. An. 421; Bodecker vs. East, 26 La. An. 210.

It is incontrovertible that in the simple relationship of husband and wife, neither can be a witness for or against the other, under the plain prohibition of the Code, and to that effect do we recognize the application of the authorities to which we have been referred; but the question which arises in this case is, does that

prohibition apply where a distinct legal relationship is shown to exist between husband and wife, such, for instance, as that of principal and agent, as is the case here?

It will be perceived that the legal relationship of the husband towards his wife may be dual, the one marital and the other fiducial, as in this case, with laws peculiar to and governing each distinct relationship; and it follows, that it is only when the husband acts within the sphere of any one of said relationships and with reference to the law governing the same, that his acts become legal and binding on his wife. And it is in keeping with this principle that we find the application of the authority in 17 La. An. 246, and which has its source in the law of agency, where it was held "that the declarations of the defendant's husband, separated in property, but acting as her agent, made in relation to the management of her affairs, is admissible as evidence against her."

It will not be denied that the wife who has control of her paraphernal property, or who is separated in property from her husband, can appoint an agent to manage her affairs, and it will also be conceded that she can confer this appointment on her husband if she chooses, there being nothing in our laws which prevents her from doing so—and that the acts of her agent, be he a stranger or her husband, are alike binding on her—that this new relationship created between spouses is governed by the law of agency, and that the law makes no distinction, exception or reservation whatever, when this authority is conferred on the husband.

We can conceive of no sound reason, in law or logic, why the husband, in the discharge of his duties as agent and acting within the scope of his authority, should be prevented from testifying, because of the fact of being also husband he is disqualified under the prohibitory clause of Article 2281 (2260) of the Code.

To hold the husband to the inhibition contained in said Article may not unfrequently work great wrong and hardship to the wife. According to the doctrine in 17 La. An., his declarations as agent, testified to by a third party, must remain binding on her,

without any possibility of escape, since she is prevented from availing herself of the sworn statement of the same agent to rebut or contradict the same, because of their marriage relationship, his lips being closed by the inhibition referred to and this will be the inevitable result should the doctrine be laid down, that no possible change in the legal relationship between husband and wife will do away with the inhibitory clause in the Article of the Code referred to.

Besides, it must be borne in mind that since the decision in 17 La. An., the rules of evidence have been enlarged by amendment of Article 2260, so that the wife joinea in the same suit with her husband is now a competent witness in behalf of her separate interest; and it would seem logical to hold that, as regards that separate interest, what she can do directly she can do indirectly. and be heard through her agent, whose acts are hers, according to the familiar maxim, *qui facit per alium, facit per se,* and particularly when the husband acting as such has no conflicting interest.

Even if this is a doubtful case, the same should be sanctioned by the "*argumentum ab inconvenienti,*" which is of great weight here.

It is, therefore, more in consonance with reason and common sense, and in harmony with the spirit of the law, to hold that under the full authority of his agency, the husband becomes, by virtue of the law of his creation and by which he is governed, a competent witness in relation to matters appertaining to his gestion, and in order, therefore, to harmonize laws apparently conflicting and contradictory, it is better to subject the Article of the Code to a rigid construction and declare the same to refer to spouses in their strict marriage relationship and not to apply to a different legal relationship, which the law sanctions and authorizes, and which has been created by the parties themselves.

Judgment reversed.